## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| GRAHAM B. SPANIER, | : | NO.  3:19-cv-0523-MEM-KM |
| Petitioner | : | |
| | : | Honorable Malachy E. Mannion |
| v. | : | |
| | : | |
| CHAD LIBBY, Director, Dauphin | : | *Electronically Filed* |
| County Probation Services; and | : | |
| JOSH SHAPIRO, Attorney General | : | JURY TRIAL DEMANDED |
| of Pennsylvania, | : | |
| Respondents | : | |

### RESPONDENT, CHAD LIBBY, DIRECTOR, DAUPHIN COUNTY PROBATION SERVICES RESPONSE TO PETITIONER, GRAHAM B. SPANIER'S PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AND NOW, comes Chad Libby, Director, Dauphin County Probation Services, by and through his counsel, Marshall Dennehey Warner Coleman & Goggin, and files this response to Petitioner's Writ of Habeas Corpus and in support thereof avers the following:

1.      Admitted in part and denied in part.  It is is admitted only that following a jury trial, Petitioner was found guilty of a misdemeanor count of child endangerment.  All remaining allegations are conclusions of law to which no responsive pleading is required.  By way of further response, the jury trial created a

written record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded a the time of trial.

**Procedural History:**

2.     Admitted in part and denied in part.  It is is admitted only that following a jury trial, Petitioner was found guilty of a misdemeanor count of child endangerment.  All remaining allegations are conclusions of law to which no responsive pleading is required.  By way of further response, the jury trial created a written record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded a the time of trial.

3.     By way of further response, the sentencing order is a written record which speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same is specifically denied and strict proof thereof is demanded at the time of trial.

4.     Admitted in part and denied in part.  It is admitted only that Petitioner has not yet started to serve his sentence including Phase II probation.  It is specifically denied that Petitioner is under the supervision of the Dauphin County Probation Services.  Rather, Respondent Libby will not supervise Petitioner until after he has completed Phase I of his sentence, should the same occur in Dauphin County.  With regard to the balance of the averments set forth in this paragraph,

Answering Respondent lacks sufficient information as to the truth and veracity of said statement and, as such, said averments are denied and strict proof thereof of is demanded.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.  By way of further response, Petitioner's appeal is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

9.    Admitted.

10.    Admitted.

11.    Admitted.  By way of further response, Petition of Allowance of Appeal is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

12.    Admitted.

13.    Admitted.

14.    Admitted in part and denied in part.  Answering Respondent is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied.  By way of further response, it is admitted that Petitioner made certain Petitions, Applications or Motions.  Said Petitions, Applications or Motions are written documents that speak for themselves, and as such, any averments set forth in this paragraph are specifically denied and strict proof thereof is demanded.

**Ground 1.    Unconstitutional Application of 2007 Criminal Statute to 2001 Conduct.**

15.    Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, Respondent incorporate herein by reference *Commonwealth v. Spanier*, 192 A.3d 141 (Pa. Super. 218) and *Commonwealth v. Spanier*, No. 1093 MDA 2017, 2018 Pa. Super. LEXIS 996 (Sept. 7, 2018); *Commonwealth v. Spanier*, No. 639 MAL 2018, 2019 Pa. LEXIS 1155 (Feb. 21, 2019).

16.    Admitted in part and denied in part.  It is admitted only that Petitioner was the President, Timothy Curley was the Athletic Director, and Gary Schultz was the Senior Vice President for Finance and Business at the Pennsylvania State University.  By way of further response, it is admitted only that Jerry Sandusky

4

had been a Penn State Assistant Football Coach and employee of Pennsylvania State University.  Regarding the balance of the averments set forth in this paragraph, after reasonable investigation and inquiry, Answering Respondent is without sufficient information to form a belief as to the truth or veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded.

17.    Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

18.    Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a

misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

19.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is required.

20.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

21.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response,

7

Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

22.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

23.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the

averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, *Commonwealth v. Lynn*, is a written document which speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No. CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

24.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any

averments set forth in this paragraph inconsistent with the same are specifically

denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is

required.  By way of further response, *Commonwealth v. Lynn*, is a written

document which speaks for itself and as such, any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No.

CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a

written document that speaks for itself and as such, any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.

25.    Admitted in part and denied in part.  It is admitted only that Petitioner

was involved in a March 2017 trial that resulted in a guilty conviction for a

misdemeanor count of child endangerment.  With regard to the balance of the

averments set forth in this paragraph, the trial produced a record, and any

averments set forth in this paragraph inconsistent with the same are specifically

denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, *Commonwealth v. Lynn*, is a written document which speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No. CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

26.    Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, *Commonwealth v. Lynn*, is a written document which speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No. CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

27.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this

12

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is

required.  By way of further response, *Commonwealth v. Lynn*, is a written

document which speaks for itself and as such, any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No.

CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a

written document that speaks for itself and as such, any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.

      28.    Admitted in part and denied in part.  It is admitted only that Petitioner

was involved in a March 2017 trial that resulted in a guilty conviction for a

misdemeanor count of child endangerment.  With regard to the balance of the

averments set forth in this paragraph, the trial produced a record, and any

averments set forth in this paragraph inconsistent with the same are specifically

denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

13

thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, *Commonwealth v. Lynn*, is a written document which speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No. CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

29.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, *Commonwealth v. Lynn*, is a written document which speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No. CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a written document that speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

30.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is

required.  By way of further response, *Commonwealth v. Lynn*, is a written

document which speaks for itself and as such, any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, *Commonwealth v. Spanier*, No.

CP-22-CR-0003615-2013, Slip Op. (C.P. Dauphin Cnty. Sept. 22, 2017) is a

written document that speaks for itself and as such, any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.

31.    Admitted in part and denied in part.  Answering Respondent is

without sufficient information to form a belief as to the truth and veracity of the

averments set forth in this paragraph and as such, said averments are denied and

strict proof thereof is demanded.

**Ground 2.   Unconstitutional Jury Instructions Allowing Conviction on the
Basis of 2007 Statute for 2001 Conduct.**

32.    Paragraphs 1 through 31 are incorporated herein by reference as if

fully set forth at length.

33.    Admitted in part and denied in part.  It is admitted only that Petitioner

was involved in a March 2017 trial that resulted in a guilty conviction for a

misdemeanor count of child endangerment.  With regard to the balance of the

averments set forth in this paragraph, the trial produced a record, and any

averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, *Commonwealth v. Lynn*, is a written document which speaks for itself and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

34.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is required.

35.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

36.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.

37.    Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

38.    Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically

denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is

required.

      39.    Admitted in part and denied in part.  It is admitted only that Petitioner

was involved in a March 2017 trial that resulted in a guilty conviction for a

misdemeanor count of child endangerment.  With regard to the balance of the

averments set forth in this paragraph, the trial produced a record, and any

averments set forth in this paragraph inconsistent with the same are specifically

denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is

required.

      40.    Admitted in part and denied in part.  Answering Respondent is

without sufficient information to form a belief as to the truth and veracity of the

averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded.

**Ground 3.   Unconstitutional Application of Statute-of-Limitations Exceptions for Which the Prosecution Provided No Notice Before or at Trial.**

41.     Answering Respondent incorporates herein by reference its full and complete responses to paragraphs 1 through 40 above as if fully set forth at length.

42.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

43.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

44.     Denied.  The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

45.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

46.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

47.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically

denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is

required.

48.     Admitted in part and denied in part.  It is admitted only that Petitioner

was involved in a March 2017 trial that resulted in a guilty conviction for a

misdemeanor count of child endangerment.  With regard to the balance of the

averments set forth in this paragraph, the trial produced a record, and any

averments set forth in this paragraph inconsistent with the same are specifically

denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this

paragraph inconsistent with the same are specifically denied and strict proof

thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is

required.

49.     Admitted in part and denied in part.  It is admitted only that Petitioner

was involved in a March 2017 trial that resulted in a guilty conviction for a

misdemeanor count of child endangerment.  With regard to the balance of the
averments set forth in this paragraph, the trial produced a record, and any
averments set forth in this paragraph inconsistent with the same are specifically
denied and strict proof thereof is demanded.  By way of further response,
Petitioner's appeals resulted in written opinions and any averments set forth in this
paragraph inconsistent with the same are specifically denied and strict proof
thereof is demanded.  By way of further response, the averments set forth in this
paragraph constitute conclusions of law to which no responsive pleading is
required.

50.     Admitted in part and denied in part.  It is admitted only that Petitioner
was involved in a March 2017 trial that resulted in a guilty conviction for a
misdemeanor count of child endangerment.  With regard to the balance of the
averments set forth in this paragraph, the trial produced a record, and any
averments set forth in this paragraph inconsistent with the same are specifically
denied and strict proof thereof is demanded.  By way of further response,
Petitioner's appeals resulted in written opinions and any averments set forth in this
paragraph inconsistent with the same are specifically denied and strict proof
thereof is demanded.  By way of further response, the averments set forth in this

paragraph constitute conclusions of law to which no responsive pleading is required.

51.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

52.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response,

Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

53.    Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

54.    Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the

averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

55.     Admitted in part and denied in part.  It is admitted only that Petitioner was involved in a March 2017 trial that resulted in a guilty conviction for a misdemeanor count of child endangerment.  With regard to the balance of the averments set forth in this paragraph, the trial produced a record, and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, Petitioner's appeals resulted in written opinions and any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded.  By way of further response, the averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required.

56.    Admitted in part and denied in part.  Answering Respondent is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded.

**Additional Matters:**

57.    Admitted in part and denied in part.  Answering Respondent is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded.

58.    Admitted in part and denied in part.  Answering Respondent is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded.

59.    Admitted in part and denied in part.  Answering Respondent is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded.

60.    Admitted in part and denied in part.  Answering Respondent is without sufficient information to form a belief as to the truth and veracity of the

averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded.

61.     Admitted upon information and belief.

62.     Admitted upon information and belief.

63.     The averments in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, Respondent, Chad Libby, Director, Dauphin County Probation Services, respectfully request that this Honorable Court deny Petitioner's Petition as to Respondent Libby, only, and dismiss Respondent Libby from this matter together with such a relief as this Court deems just and appropriate.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

Date:  April 8, 2019          BY:   *s/Donald L. Carmelite*

Donald L. Carmelite, Esquire
PA Attorney I.D. No. 84730
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Ph: (717) 651-3504; Fax 717-651-3707
Email:  dlcarmelite@mdwcg.com
*Attorneys for Defendants Chad Libby, Director, Dauphin County Probation Services*

29

## CERTIFICATE OF SERVICE

I, Michele E. Neff, an employee of Marshall Dennehey Warner Coleman & Goggin, do hereby certify that on this 8th day of April, 2019, I served a copy of the forgoing document, and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by ECF notification and/or by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

Samuel W. Silver, Esquire
Bruce P. Merenstein, Esquire
Arleigh P. Helfer, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
ssilver@schnader.com
bmerenstein@schnader.com
ahelfer@schnader.com
*Attorneys for Plaintiff*

Josh Shapiro, Esquire
Attorney General of Pennsylvania
Pennsylvania Office of Attorney General
Strawberry Square, 16th Floor
Harrisburg, PA  17120
*Defendant*

/s/ Michele E. Neff
Michele E. Neff