# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRAHAM B. SPANIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:19-CV-0523-MEM |
| v. | ) | |
| | ) | (Judge Mannion) |
| CHAD LIBBY, Director, Dauphin | ) | |
| County Probation Services; and | ) | (Magistrate Judge Mehalchick) |
| JOSH SHAPIRO, Attorney | ) | |
| General of Pennsylvania, | ) | |
| | ) | |
| Respondents. | ) | |

## PETITIONER'S REPLY TO BRIEF OF RESPONDENT JOSH SHAPIRO IN RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Samuel W. Silver, Pa. ID No. 56596
    admitted *pro hac vice*
Bruce P. Merenstein, Pa. ID No. 82609
    admitted *pro hac vice*
Arleigh P. Helfer III, Pa. ID No. 84427
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2309; 2249; 2430
(215) 751-2205 (facsimile)
*Counsel for Petitioner*

Dated: April 23, 2019

TABLE OF CONTENTS

**Page**

Introduction ...........................................................................................................1

Argument...............................................................................................................2

I.    The procedural history of the state-court proceedings refutes the
Attorney General's argument that Dr. Spanier did not fairly
present his federal constitutional claims to the state courts ..................2

    A.    The full procedural history of Dr. Spanier's criminal case
makes clear that he fairly presented his federal
constitutional claims in Grounds 1 and 2 of his petition to
the state courts............................................................................2

    B.    Dr. Spanier fairly presented his federal constitutional
claim in Ground 3 to the state courts because the factual
and legal basis for the claim was presented to the state
courts and the due process standard is the same under the
state and federal constitutions .................................................10

II.    The 2007 statute that was applied to Dr. Spanier and on which
the jury was instructed criminalized conduct that was not
covered by the version of the statute in effect in 2001, at the
time of Dr. Spanier's relevant conduct ...............................................12

Conclusion ..........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## *Cases*

*Bennett v. Superintendent*, 886 F.3d 268 (3d Cir. 2018) .........................................15

*Bouie v. City of Columbia*, 378 U.S. 347 (1964) .......................................................9

*Commonwealth v. Lynn*, 114 A.3d 796 (Pa. 2015) ............................................ 12-14

*Commonwealth v. Lynn*, 83 A.3d 435 (Pa. Super. 2013).........................................14

*Commonwealth v. Scott*, 878 A.2d 874 (Pa. Super. 2005).......................................11

*Government of V.I. v. D.W.*, 3 F.3d 697 (3d Cir. 1993)............................................9

*Hardy v. Lamas*, No. 1:13-CV-02539, 2016 U.S. Dist. LEXIS 154879 (M.D. Pa. Nov. 7, 2016) ...................................................................................................12

*Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007)..................................................... 11-12

*Pennsylvania Game Comm'n v. Marich*, 666 A.2d 253 (Pa. 1995) .......................11

*Robinson v. Beard*, 762 F.3d 316 (3d Cir. 2014)....................................................11

*Sandstrom v. Montana*, 442 U.S. 510 (1979) .........................................................15

## *Constitutional Provisions and Statutes*

United States Constitution

    U.S. CONST. art. I, § 10 .............................................................................. 4-5, 9

    U.S. CONST. amend. XIV, § 1 ................................................................ 9-12, 15

Pennsylvania Child-Endangerment Statute

    18 PA. C.S. § 4304(a) (2001) .............................................................................2

    18 PA. C.S. § 4304(a)(1) (2007) ................................................................. 2-6, 8

    18 PA. C.S. § 4304(a)(2) (2007) ................................................................. 2-4, 6

## INTRODUCTION

The Attorney General makes two primary arguments in response to Graham Spanier's habeas petition: that Dr. Spanier did not fairly present his federal constitutional claims to the state courts and that Dr. Spanier was not convicted on the basis of a 2007 statute for conduct that took place in 2001.  The state-court record makes clear that the Attorney General is incorrect on both counts.

First, on numerous occasions throughout the state-court proceedings, Dr. Spanier challenged the application of the 2007 child-endangerment statute to conduct that occurred in 2001, on the ground that the United States Constitution prohibited a state from applying a criminal statute to conduct that occurred before the statute's enactment.  Dr. Spanier could not have been clearer in mounting this challenge throughout the state-court proceedings.

Second, there is no question that Dr. Spanier was improperly tried and convicted on the basis of the 2007 statute.  The criminal complaint against Dr. Spanier, the state-court opinions upholding his conviction, and, most fundamentally, the jury instructions that formed the basis for his conviction, all relied on the 2007 statute and not the statute in effect at the time of Dr. Spanier's conduct six years earlier.  And critically, the 2007 amendments expanded the scope of the statute to encompass persons not previously covered by the statute,

specifically those who do ***not*** supervise a child's welfare but employ or supervise

someone else who does.

Dr. Spanier is entitled to the writ of habeas corpus because his conviction

violates the United States Constitution, and the state-court decisions rejecting his

arguments are both contrary to clearly established Supreme Court precedent and an

unreasonable application of that precedent.

ARGUMENT

### I.   The procedural history of the state-court proceedings refutes the Attorney General's argument that Dr. Spanier did not fairly present his federal constitutional claims to the state courts.

Dr. Spanier fairly presented all of his claims to the state courts and therefore

he properly exhausted those claims for purposes of this habeas petition.

### A.  The full procedural history of Dr. Spanier's criminal case makes clear that he fairly presented his federal constitutional claims in Grounds 1 and 2 of his petition to the state courts.

***The Child-Endangerment Statute.***  In 2006, the Pennsylvania legislature

enacted major amendments to the state's criminal child-endangerment statute, 18

PA. C.S. § 4304, that went into effect on January 29, 2007.  Among other things,

those amendments added an entirely new subsection to the statute, Section

4304(a)(2), which for the first time criminalized the prevention or interference with

the making of a report of suspected child abuse.  In addition, the existing provision

was re-designated Section 4304(a)(1) and expanded to reach violations of a duty of

2

care, protection, or support by a fourth category of persons not previously covered by the statute.  In addition to the three categories previously covered—parents, guardians, and other persons supervising the welfare of a minor child—the amended statute added the category of persons not falling within these three categories but employing or supervising someone else who supervised the welfare of a child.

Thus, Section 4304(a)(1) & (2) now reads as follows, with the portions that became effective on January 29, 2007, emphasized:

> (1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, **or a person that employs or supervises such a person**, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.
>
> **(2) A person commits an offense if the person, in an official capacity, prevents or interferes with the making of a report of suspected child abuse under 23 Pa.C.S. Ch. 63 (relating to child protective services).**

***The Charges Against Dr. Spanier.***  On November 1, 2012, Dr. Spanier was charged with a number of offenses arising from the Sandusky investigation.  These charges included violations of ***both*** Section 4304(a)(1) and Section 4304(a)(2), neither of which existed before January 29, 2007.  *See* Exhibit 1 (excerpt of criminal complaint).  The statutory provisions cited in the criminal complaint, as well as the language of the complaint, were taken from the version of the child-endangerment statute that went into effect on January 29, 2007.

***Dr. Spanier's Pre-Trial Challenges to the Charges.***  Dr. Spanier first raised

the constitutional flaw in charging him with violations of a 2007 statute for

conduct that occurred six years earlier in a motion to quash the criminal complaint.

Among other things, Dr. Spanier sought to quash the two child-endangerment

charges because it violated the constitution to charge him with violating a criminal

provision that did not exist in 2001 (Section 4304(a)(2)) and on the basis of

language added to a criminal statute (Section 4304(a)(1)) after 2001.  *See* Exhibit 2

(excerpt of motion to quash memorandum).

The state trial court never addressed Dr. Spanier's initial arguments

regarding application of the 2007 statute to his 2001 conduct, so after an appeal

from a ruling regarding other charges (which resulted in dismissal of those

charges), Dr. Spanier raised this issue again in an omnibus pretrial motion.  *See*

Exhibit 3 (excerpt of omnibus motion memorandum).

In response to Dr. Spanier's omnibus pretrial motion, the Commonwealth

argued that Dr. Spanier's constitutional rights were not violated by application of

the 2007 statute because he was "charged with a course of conduct that stretched

from February of 2001 until 2012," thus bringing Dr. Spanier within the new

language added in 2007.  According to the Commonwealth, the child-

endangerment law was not being applied retroactively "and no ex post facto

concerns are implicated here."  Exhibit 4 (excerpt of opposition to omnibus pretrial

4

motion).  Shortly before Dr. Spanier's trial was to begin, the trial court denied Dr.

Spanier's omnibus pretrial motion (with one exception not relevant here) by a

written order but without a supporting opinion.

Before trial, Dr. Spanier filed proposed jury instructions, including an

instruction regarding the first child-endangerment charge (under Section

4304(a)(1)).  His proposed instruction excluded the language added in 2007 ("or a

person that employs or supervises such a person") because, as he had repeatedly

argued, it would violate his constitutional rights to apply the 2007 statute to his

conduct, which occurred in 2001.  *See* Exhibit 5 (excerpts of proposed jury

instructions).  Dr. Spanier also objected to the Commonwealth's proposed

instructions regarding this charge because they were "derived from a version of the

child-endangerment statute that did not go into effect until 2007, six years after the

incident at issue here."  Exhibit 6 (excerpt of objections to Commonwealth's

proposed instructions).

***The Jury Instructions and Verdict.***  At trial, the court indicated that it

intended to use the Commonwealth's proposed instructions for the child-

endangerment charges and Dr. Spanier once again objected, on the ground that the

jury should be instructed regarding the 2001 version of the child-endangerment

statute.  *See* Exhibit 7 (excerpt of jury instruction colloquy).

The jury was instructed regarding the second child-endangerment charge, under Section 4304(a)(2), even though this provision did not exist until January 29, 2007, but the jury ultimately acquitted Dr. Spanier on this charge.  The jury similarly was instructed on the first child-endangerment charge, under Section 4304(a)(1), on the basis of the 2007 version of that statute.  Specifically, the jury was instructed:

> The defendant has been charged with endangering the welfare of a child.  To find the defendant guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt.
>
> This is in regard to Count 1:  First, that the defendant endangered the welfare of a child by violating a duty of care, protection, or support.
>
> Second, that the defendant endangered the welfare of the child knowingly.  A person's conduct is knowing when he is aware that it is practically certain that his conduct will cause a particular result.
>
> Third, that the defendant was at the time a parent, guardian, person supervising the welfare of a child under the age of 18, **or a person that employs or supervises such a person**.  The term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training, or control of a child.
>
> And the fourth element is that the child was under the age of 18 at the time of the endangering.

Exhibit D to Habeas Petition (Doc. 1-4) (emphasis added).

Thus, over Dr. Spanier's repeated objections that applying the 2007 statute to his 2001 conduct would violate his federal constitutional rights, the jury was

instructed that it could convict him on the first child-endangerment charge if it

concluded that he fell into any one of four categories:

>    (1) a parent;
>
>    (2) a guardian;
>
>    (3) a person supervising the welfare of a child under the age of 18
>    (defined as a person other than a parent or guardian that provides
>    care, education, training, or control of a child);
>
> >    *or*
>
>    (4) a person that employs or supervises such a person.

No evidence was presented that Dr. Spanier was the parent or guardian of

the child seen in a shower with Sandusky in February 2001.  Thus, the jury was

told that it could convict Dr. Spanier if he was ***either***:

>    (1) a person supervising the welfare of a child
>
> >    *or*
>
>    (2) someone who was ***not*** supervising the welfare of a child but
>    who was employing or supervising someone else who ***was***.

The jury convicted Dr. Spanier on this charge (and acquitted him of the

other charges), but it rejected the Commonwealth's contention that Dr. Spanier

engaged in a course of conduct.  Thus, Dr. Spanier was convicted on the basis of a

2007 statute for conduct that occurred solely in 2001.

>    ***Dr. Spanier's Post-Verdict Challenges to the Conviction.***  Dr. Spanier filed

a post-sentence motion challenging his conviction on the ground that, among other

things, it violated his state and federal constitutional rights to apply a 2007 statute

to conduct that occurred before the statute's enactment.  *See* Exhibit 8 (excerpts of post-trial motion).

The trial court entered an order denying Dr. Spanier's post-trial motion, eventually explaining in its opinion in support of its order (filed after Dr. Spanier appealed his conviction) that the court properly "instructed the jury pursuant to the 2007 version of Section 4304," and that Dr. Spanier could be convicted on the basis of the 2007 statute because "the jury properly found that [Dr. Spanier] supervised Curley and Schultz."  Exhibit B to Habeas Petition at 13-14 (Doc. 1-2).

Finally, on appeal to the Superior Court, Dr. Spanier once again argued that a 2007 criminal statute could not be applied to his conduct in 2001 and that doing so, and instructing the jury on the basis of the 2007 statute, violated his state and federal constitutional rights.  *See* Exhibit 9 (excerpts of Superior Court brief).  The Superior Court rejected this argument without much discussion, contending that "the trial court's instruction on the 2007 version of the [child-endangerment] statute did not result in an inaccurate statement of the law."  *Commonwealth v. Spanier*, 192 A.3d 141, 154 (Pa. Super. 2018) (Exhibit A to Habeas Petition (Doc. 1-1)).

* * * *

Thus, the Attorney General's argument that Dr. Spanier did not fairly present to the state courts the claim that it violates his federal constitutional rights

to apply a 2007 statute to his 2001 conduct is demonstrably wrong.  Dr. Spanier

repeatedly raised this issue in the state courts, from almost the moment he was

charged with violating two provisions of the child-endangerment statute that did

not exist in 2001, up to and through his trial, and in his state-court appeal.  The

Commonwealth, the state trial court, and the state appellate court were all well

aware that Dr. Spanier was raising a constitutional challenge to the

Commonwealth's efforts to charge, try, and eventually convict him on the basis of

a statute that did not exist until six years after his conduct that allegedly violated

that statute.  If this was not sufficient to exhaust the issue, no petitioner could ever

meet AEDPA's exhaustion requirement.[1]

---

[1] The Attorney General contends that Dr. Spanier was required to use the term
"due process" rather than "ex post facto" to alert the state courts of his claim.
Aside from the fact that Dr. Spanier *did* invoke his federal due process rights, *see*
Exhibit 9, this argument is unavailing.  As explained below (in Section I.B), a
claim is properly exhausted when the factual outline and legal principles
supporting that claim are presented to the state courts, as the procedural history
detailed above makes clear was done here.  And as the Third Circuit has noted, a
state court's retroactive application of a statute in a criminal case implicates not
only the federal Due Process Clause but the Ex Post Facto Clause as well.  *See,
e.g.*, *Government of V.I. v. D.W.*, 3 F.3d 697, 700-01 (3d Cir. 1993) ("The Ex Post
Facto clause not only bars legislatures from retroactive creation of criminal
liability but also proscribes 'an unforeseeable judicial enlargement of a criminal
statute, applied retroactively.'" (quoting *Bouie v. City of Columbia*, 378 U.S. 347,
353 (1964))).

**B. Dr. Spanier fairly presented his federal constitutional claim in Ground 3 to the state courts because the factual and legal basis for the claim was presented to the state courts and the due process standard is the same under the state and federal constitutions.**

The Attorney General argues that Dr. Spanier did not fairly present to the state courts his federal constitutional challenge to the state trial court's post-trial reliance on a statute-of-limitations exception that the Commonwealth had never previously raised or even mentioned.  But Dr. Spanier challenged the trial court's ruling on due process grounds at the earliest opportunity, in his appeal to the Superior Court, and thus the claim was fairly presented to the state courts and properly exhausted.

In his state-court appeal, Dr. Spanier explained that the trial court's after-the-fact invocation of a statute-of-limitations exception that had never been previously mentioned deprived Dr. Spanier of his due process rights to pre-trial notice of the exception and an opportunity to challenge it at trial.  And given that an element of every criminal charge under Pennsylvania law is the negation of a statute-of-limitations defense, Dr. Spanier also argued that he was deprived of his due process right to have the jury instructed on the requirements for the exception and determine if the Commonwealth met its burden of proving the facts supporting the exception.

Thus, Dr. Spanier raised the same due process claim he now asserts as Ground 3 in his habeas petition.  Indeed, the dissenting Pennsylvania Superior

Court judge plainly understood that Dr. Spanier was making such an argument, as she agreed with him that the Commonwealth violated Dr. Spanier's "due process rights when it failed to inform him of its intent to rely upon an exception to the statute of limitations at a reasonable time before trial." *Commonwealth v. Spanier*, 192 A.3d 141, 155 (Pa. Super. 2018) (Ransom, J., dissenting) (Exhibit A to Habeas Petition (Doc. 1-1)); *see also id.* at 160 (same); *id.* at 164 (same).

The due process protections under the Pennsylvania and United States Constitutions are the same. *See, e.g.*, *Pennsylvania Game Comm'n v. Marich*, 666 A.2d 253, 255 n.6 (Pa. 1995) ("the requirements of Article I, Section I of the Pennsylvania Constitution are not distinguishable from those of the 14th Amendment"); *Commonwealth v. Scott*, 878 A.2d 874, 878 n.4 (Pa. Super. 2005) ("The due process standards of the Federal and Pennsylvania Constitutions are identical"). Where the state and federal standards for evaluating a claim are the same, presentation of the claim to state courts in a state-law guise is sufficient to render the claim exhausted for habeas purposes. *See Robinson v. Beard*, 762 F.3d 316, 329 (3d Cir. 2014).

Moreover, where, as here, a petitioner "consistently presented [to state courts] the basic factual outline of a federal claim," even while citing state cases, the state courts "were not required to search beyond the pleadings and briefs for a federal issue," and the claim was properly exhausted. *Nara v. Frank*, 488 F.3d

11

187, 198-99 & n.17 (3d Cir. 2007). Finally, as this Court recently noted, "reliance on federal cases is just one of several ways that a petitioner may 'fairly present' a federal claim to state courts." *Hardy v. Lamas*, No. 1:13-CV-02539, 2016 U.S. Dist. LEXIS 154879, at *10 (M.D. Pa. Nov. 7, 2016) (Mehalchick, M.J.).

Dr. Spanier fairly presented the due process claim in Ground 3 of his habeas petition to the state courts and the claim has been properly exhausted.

## II.  The 2007 statute that was applied to Dr. Spanier and on which the jury was instructed criminalized conduct that was not covered by the version of the statute in effect in 2001, at the time of Dr. Spanier's relevant conduct.

The child-endangerment statute in effect at the time of Dr. Spanier's conduct in 2001 prohibited the violation of a duty of care, protection, or support by a parent, a guardian, or a person supervising the welfare of a child. Only persons falling within one of these three categories could be convicted of this offense. In *Commonwealth v. Lynn*, the Supreme Court of Pennsylvania held that a defendant could be convicted under this pre-2007 version of the statute, even if he did not directly interact with children, so long as there was proof that the defendant supervised a child's welfare. 114 A.3d 796, 823, 827 (Pa. 2015). As the court explained, under the pre-2007 statute, where a defendant was not a parent or guardian, "the Commonwealth had to prove that [the defendant] fell within 'other person supervising the welfare of a child.'" *Id.* at 823.

Thus, before the 2007 amendment to the statute, a defendant could be found guilty for violating the statute without directly interacting with the children whose welfare was endangered, ***so long as he supervised those children's welfare***. *See also id.* at 827 ("We have applied the plain language of the relevant, pre-amendment statute to hold that it did not exclude those who supervised the welfare of a child, regardless of whether they directly supervised the child."). In *Lynn*, the jury was properly instructed that, to find that this element of the child-endangerment charge was met, the jury must conclude that "the defendant was at the time a parent, guardian or person supervising the welfare of the child under the age of 18." Exhibit E to Habeas Petition (Doc. 1-5).

The 2007 amendment, however, added a fourth category of persons who could be convicted under the statute, those who were not parents, guardians, or supervising the welfare of a child, but who employed or supervised someone else who supervised a child's welfare. Thus, under the 2007 version of the statute, unlike the pre-2007 version, a defendant can be found guilty ***even if he does not supervise a child's welfare***. Significantly, this was precisely what the jury in Dr. Spanier's case was told. In the instructions that the trial court acknowledged were based on the 2007 version of the statute, the jury was informed that it could convict Dr. Spanier if it concluded ***either*** that (1) he supervised a child's welfare or (2) ***he did not do so*** but he employed or supervised someone else who did.

13

There can be no doubt that the Pennsylvania legislature expanded the scope of the child-endangerment statute in 2007 and, in this case, unlike in *Lynn*, the expanded statute was applied to conduct that occurred long before it went into effect.[2]  The amended statute added an entirely new section involving the prevention or interference with the making of a report of suspected child abuse, which the Commonwealth charged Dr. Spanier with violating through his conduct six years earlier.  And the legislature expanded the provision involving violation of a duty owed a child to encompass those who were not the child's parent or guardian and were ***not*** supervising the child's welfare.  The Commonwealth could not rely on the expanded 2007 statute (and the jury could not be instructed on the basis of this statute) to charge and convict Dr. Spanier for conduct that occurred entirely in 2001.

Dr. Spanier's conviction was impermissibly based on a statute that did not go into effect until January 2007, six years after his relevant conduct.  As such, Dr. Spanier's conviction violates the United States Constitution, and the Court should grant him the writ of habeas corpus.[3]

---

[2] It was undisputed in *Lynn* that only the pre-2007 statute was at issue in that case. *See, e.g.*, 114 A.3d at 798 n.1, 807; *see also Commonwealth v. Lynn*, 83 A.3d 435, 445 n.15, 447 (Pa. Super. 2013); Exhibit E to Habeas Petition (Doc. 1-5).

[3] The Attorney General attempts to convert Dr. Spanier's constitutional claim into a state-law challenge to improper jury instructions.  But habeas petitions frequently challenge state-court instructions on the ground that they violate the constitution.

CONCLUSION

The Attorney General's response offers no legitimate basis for the Court to deny Dr. Spanier the writ of habeas corpus. Thus, on the grounds set forth in Dr. Spanier's petition, the Court should grant the writ.

Respectfully submitted,

/s/ Bruce P. Merenstein
Samuel W. Silver, Pa. ID No. 56596
    admitted *pro hac vice*
Bruce P. Merenstein, Pa. ID No. 82609
    admitted *pro hac vice*
Arleigh P. Helfer III, Pa. ID No. 84427
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2309; 2249; 2430
(215) 751-2205 (facsimile)
*Counsel for Petitioner*

Dated: April 23, 2019

---

*See, e.g.*, *Bennett v. Superintendent*, 886 F.3d 268, 284-88 (3d Cir. 2018) (granting the writ to a habeas petitioner after holding that state trial court's jury instructions deprived petitioner of due process). Dr. Spanier's petition is no different.

In Ground 2 of his petition, Dr. Spanier alleges that the jury instruction on the third element of the child-endangerment charge violated the United States Constitution because it permitted the jury to convict him on the basis of a law not in effect at the time of his conduct that formed the basis for the conviction. And he argues that, under well-established Supreme Court precedent, his conviction must be vacated because the jury's general verdict on this charge makes it impossible to determine if he was convicted on this impermissible ground or a permissible one. *See, e.g.*, *Sandstrom v. Montana*, 442 U.S. 510, 526 (1979). This is not a state-law claim. It is a federal constitutional claim cognizable in a habeas petition.