# EXHIBIT 7

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                             : DAUPHIN COUNTY, PENNSYLVANIA
     VS.                     :
                             :
GRAHAM BASIL SPANIER         : NO. 3615 CR 2013


TRANSCRIPT OF PROCEEDINGS

JURY TRIAL - CLOSING AND CHARGE

VOLUME 3, [Pages 1 - 154]


        BEFORE:   HONORABLE JOHN A. BOCCABELLA, S.J.

        DATE:     THURSDAY, MARCH 23, 2017

        PLACE:    COURTROOM NO. 1
                  DAUPHIN COUNTY COURTHOUSE
                  HARRISBURG, PENNSYLVANIA


 APPEARANCES:

        LAURA A. DITKA, ESQUIRE
        PATRICK SCHULTE, ESQUIRE
        *Office of the Attorney General*

           For - Commonwealth


        SAMUEL SILVER, ESQUIRE
        BRUCE MERENSTEIN, ESQUIRE
        EMILY HANLON, ESQUIRE
        *Schnader, Harrison, Segal & Lewis*

           For - Defendant

| | |
|---|---|
| 1 | <u>P R O C E E D I N G S</u> |
| | (9:04 a.m.) |
| 2 | |
| 3 | (The following occurred in chambers:) |
| 4 | THE COURT:  I'm going to give the standard jury |
| 5 | instructions.  I know there were a couple that you had |
| 6 | proposed that were modifications of the definitions of the |
| 7 | offenses.  I'm going to give the standards. |
| 8 | I'm also going to give them -- and I think |
| 9 | you'll be given a copy -- the three definitions of the |
| 10 | offenses, that I'm going to send out with the jury. |
| 11 | ATTORNEY SILVER:  Okay. |
| 12 | ATTORNEY DITKA:  Okay. |
| 13 | THE COURT:  Okay?  I don't think there was any |
| 14 | unusual requests other than those modifications.  And they |
| 15 | were not horrible.  They were certainly pointed in one |
| 16 | direction, but -- and I do recognize some of the cases that |
| 17 | were involved in, you know, the basis of your request. |
| 18 | But I've learned that I can't get in trouble |
| 19 | giving standard instructions.  And if they tell me I should |
| 20 | have given a modified instruction, that's fine, then I'll do |
| 21 | that next time.  Okay?  If we have to do it again. |
| 22 | ATTORNEY MERENSTEIN:  Your Honor, we'll put on |
| 23 | the record after your instructions our objection to our |
| 24 | proposed instruction not being given, just to preserve the |
| 25 | record. |

```
 1              THE COURT:  I'm going to give you -- and I'll
 2   put it on the record now, not in front of the jury.
 3              ATTORNEY MERENSTEIN:  Sure.
 4              THE COURT:  -- that you have an exception,
 5   okay, to all of my requests and/or decisions in regard to the
 6   requested instructions.
 7              Yours were all standard.  Okay?  Yours were all
 8   standard.
 9              ATTORNEY SCHULTE:  Yes.  They were just -- we
10   just threw, like, the defendant's name in there.
11              ATTORNEY MERENSTEIN:  Not precisely.  Just as
12   long as you're not giving the ones they proposed, because
13   they did change a couple key words in there that I think are
14   fairly significant.
15              ATTORNEY SCHULTE:  You weren't supposed to read
16   those, Bruce.
17              ATTORNEY DITKA:  You're such a detail guy.
18              ATTORNEY SILVER:  You'll give us a copy before
19   we close?
20              THE COURT:  Yes.
21              ATTORNEY SILVER:  So we'll take a quick look
22   and let you know if Patrick made a typo.
23              ATTORNEY DITKA:  I don't know why nobody thinks
24   I type.
25              ATTORNEY SCHULTE:  She doesn't.
```

1          THE COURT:  And there are instructions with

2   respect to consistent statements, inconsistent statements,

3   that refer to a particular witness.  I modified those.

4          And I don't mention any witnesses' names.

5   Okay?  I may mention the defendant's name on occasion during

6   the course of the instructions.  For instance, whether he

7   testifies or not.  I may say, Mr. Spanier decided not to

8   testify or to testify.  Okay?  So I may put his name in a

9   couple of spots that way, but that's about it.

10         I am not going to refer to any of the other

11  witnesses.  I am not going to touch on any of the testimony.

12  Okay?  That's been my rule for the 12 years that I've been a

13  judge, and I'm not going to start changing that now.  All

14  right?

15         And we're trying to get a clean copy of what

16  I'm going to tell the jury so you can have that before

17  closings.

18         The verdict slip.  Do you have the copies for

19  them?

20         THE LAW CLERK:  Yes.

21         THE COURT:  But I don't even think I have a

22  copy now.

23         THE LAW CLERK:  This is what we drew up, if you

24  want to take a look.

25         THE COURT:  It's basically what I told you we

1   were going to do yesterday, but I wanted you to see a copy

2   before we sent it out.

3               If you think that can be modified to make it

4   easier for the jury to understand --

5               ATTORNEY DITKA:  I think that's great.

6               ATTORNEY SCHULTE:  Looks good, Judge.  Thank

7   you.

8               ATTORNEY SILVER:  The only -- I wonder if it

9   would be confusing with the third column right next to the

10  guilt/not guilty.

11              What do you think?

12              THE COURT:  I'll explain it to them.

13              ATTORNEY SILVER:  Okay.

14              THE COURT:  I'm going to explain it to them.

15  Okay?  And, basically, what I'm going to say is, guilty or

16  not guilty?  And then on the first two counts, there's a

17  third column that says "course of conduct, yes or no?"

18              Okay?  If you find that these were committed

19  during the course of conduct -- or committed -- I don't have

20  that one firmly embedded.  But if they were a result of a

21  course of conduct, okay, then you write yes or no over here.

22  Okay?  If you find that there was no course of conduct, you

23  write no.  If you find there was a course of conduct, you

24  write yes.

25              ATTORNEY SILVER:  Your Honor, had I seen this

|     |                                                                  |
| --- | ---------------------------------------------------------------- |
| 1   | yesterday, I would have also asked that you have not guilty      |
| 2   | first and guilty second, which is how I have typically seen      |
| 3   | them, and I think is appropriate given the burden of proof,      |
| 4   | since the defendant is presumed not guilty.                      |
| 5   | THE COURT:  I can put "guilty or not guilty" or                  |
| 6   | "not guilty or guilty."                                          |
| 7   | ATTORNEY SILVER:  I would say it should be "not                  |
| 8   | guilty" in the first column and "guilty" in the second.          |
| 9   | THE LAW CLERK:  A compromise would be what the                   |
| 10  | Judge said, "guilty-not guilty," and they write the word.        |
| 11  | That would be a compromise, in my opinion.                       |
| 12  | ATTORNEY SILVER:  That's fine, as long as it                     |
| 13  | says "not guilty-guilty."                                        |
| 14  | THE LAW CLERK:  Oh, okay.  So it's the order of                  |
| 15  | the words.                                                       |
| 16  | ATTORNEY SILVER:  Yeah.                                          |
| 17  | THE COURT:  I can bend over a little bit, but                    |
| 18  | I'm not going to agree to something -- I mean, we're going to    |
| 19  | put "guilty or not guilty" on just one line.                     |
| 20  | ATTORNEY SILVER:  In that case, just leave it                    |
| 21  | as is.                                                           |
| 22  | THE COURT:  Okay.  We never did this.  Okay?  I                  |
| 23  | don't do this.  We have one line, "guilty or not guilty," and    |
| 24  | then the "course of conduct" would be down here.                 |
| 25  | ATTORNEY SILVER:  Okay.                                          |

```
1          THE COURT:  Okay?  But I'm trying not to upset
2   the applecart for Dauphin County.
3          But I'm okay with "guilty or not guilty," okay,
4   on one line.
5          ATTORNEY DITKA:  Or do you want it to just
6   stay?
7          ATTORNEY SILVER:  Yeah, it's fine like this.
8          ATTORNEY DITKA:  You can just keep it in.
9          ATTORNEY SCHULTE:  He's fine with it the way it
10  is.
11         THE COURT:  Then we'll leave it that way.
12         ATTORNEY SILVER:  We're going to rest.
13         THE COURT:  Right away?
14         ATTORNEY SILVER:  Yeah.
15         THE COURT:  Okay.
16         ATTORNEY SILVER:  I thought I ought to let you
17  know that before we went into the courtroom.  She knows that.
18         THE COURT:  That's good.
19         ATTORNEY SCHULTE:  We would like the defendant
20  colloquyed on his right to character witnesses and,
21  obviously, his right to testify.
22         ATTORNEY SILVER:  That's fine.  We can bring
23  him back.
24         THE COURT:  I don't know if you want to do it
25  here or out there.  I'm not going to do it in front of the
```

```
1    jury, obviously.

2                   ATTORNEY SILVER:  Do you want to do it in here?

3    Might as well do it in here.  Can we go get him?

4                   THE COURT:  Sure.

5                   (The defendant entered chambers.)

6                   ATTORNEY SILVER:  Your Honor, I apologize.  I

7    didn't realize until I turned around to come back, the jury

8    is sitting in there.  So they just saw him walk back with us.

9    I don't know if we --

10                  THE COURT:  I don't think that's a problem.

11                  ATTORNEY SILVER:  Yeah, I don't either.

12                  THE COURT:  Mr. Spanier.

13                  (The defendant was duly sworn or affirmed.)

14                  ATTORNEY SILVER:  Dr. Spanier, do you

15   understand that you have the right to testify on your own

16   behalf in this trial?

17                  THE DEFENDANT:  Yes.

18                  ATTORNEY SILVER:  And do you knowingly and

19   intelligently waive that right?

20                  THE DEFENDANT:  I do.

21                  ATTORNEY SILVER:  Do you understand that you

22   have a right to call witnesses, including character

23   witnesses, on your behalf at this trial?

24                  THE DEFENDANT:  Yes, I understand that.

25                  ATTORNEY SILVER:  And do you knowingly and
```

1 intelligently waive that right?

2 THE DEFENDANT: Yes.

3 ATTORNEY SILVER: Thank you.

4 THE COURT: Dr. Spanier, did you come to this

5 decision on your own or were you forced to make this

6 decision?

7 THE DEFENDANT: I came to this decision on my

8 own, in consultation with my legal counsel.

9 THE COURT: Okay. And you were -- they

10 explained to you that if you did take the stand, you'd be

11 subject to cross-examination?

12 THE DEFENDANT: Yes.

13 THE COURT: And if you presented character

14 evidence and it would be -- it could be possible that the

15 Commonwealth would present evidence of a contrary trait,

16 character trait, that would be presented by your character

17 witnesses?

18 THE DEFENDANT: Yes.

19 THE COURT: In other words, if they said that

20 you were a nice guy, they could present somebody that says

21 you're not a nice guy. Okay? Do you understand that?

22 THE DEFENDANT: That they could present

23 contrary character witnesses?

24 THE COURT: Contrary character witnesses,

25 right, about the same trait that you're trying to present.

|   |   |
|---|---|
| 1 | THE DEFENDANT:  Yes. |
| 2 | THE COURT:  Okay.  So nobody forced you to make |
| 3 | this decision? |
| 4 | THE DEFENDANT:  That's correct. |
| 5 | THE COURT:  And you understand that if you do |
| 6 | not take the stand, I will give an instruction to the jury |
| 7 | that says they must not use that single fact at all in their |
| 8 | deliberations.  Do you understand that? |
| 9 | THE DEFENDANT:  I've heard you give that |
| 10 | instruction before, and I assumed you would give it again. |
| 11 | THE COURT:  Okay.  Ms. Ditka, anything that you |
| 12 | would like to add to the colloquy? |
| 13 | ATTORNEY DITKA:  Have you had ample time to |
| 14 | discuss this decision with your attorney? |
| 15 | THE DEFENDANT:  Yes. |
| 16 | ATTORNEY DITKA:  No threats or promises have |
| 17 | been made to you to force you into this decision? |
| 18 | THE DEFENDANT:  No. |
| 19 | ATTORNEY DITKA:  And you're not under the |
| 20 | influence of any medication or anything else that is clouding |
| 21 | your thinking today? |
| 22 | THE DEFENDANT:  Nothing is clouding my |
| 23 | thinking. |
| 24 | ATTORNEY DITKA:  That's all I have. |
| 25 | THE COURT:  Okay.  Thank you, Dr. Spanier. |

| | |
|---|---|
| 1 | ATTORNEY SILVER:  Do you want to take him back |
| 2 | out? |
| 3 | (The proceedings reconvened in the courtroom:) |
| 4 | THE COURT:  Ladies and gentlemen of the jury, |
| 5 | we have a few business matters that we have to take care of |
| 6 | related to the procedures that we're going to go through. |
| 7 | We'll be right out.  If you're more comfortable in the jury |
| 8 | deliberation room, I'll send you back.  If you're okay -- it |
| 9 | should only be about five or ten minutes at the longest. |
| 10 | A JUROR:  I think we'll be fine. |
| 11 | THE COURT:  If you're comfortable there, you |
| 12 | can stay there.  All right? |
| 13 | Very good.  But don't expect to see us for |
| 14 | about five minutes. |
| 15 | (The following occurred in chambers: ) |
| 16 | THE COURT:  Okay.  The record should reflect |
| 17 | that I've given counsel copies of the instructions that I |
| 18 | intend to give.  Not necessarily in the order that I will |
| 19 | give them, but I've given them copies. |
| 20 | Are there any objections or exceptions that |
| 21 | should be placed on the record? |
| 22 | ATTORNEY MERENSTEIN:  For Defendant Spanier, |
| 23 | having looked at them very quickly, I can note a number of |
| 24 | exceptions. |
| 25 | It appears that the substantive instructions |

1   are not the standard instructions in their entirety, but are

2   the ones that the Commonwealth had proposed.  And, again, off

3   the top of my head, I will say that if the one that has a

4   title, The Standard Instruction 15.4304(b), which is Count 2,

5   where I had noted earlier that the Commonwealth's proposal

6   changes a couple key words in the second paragraph that I

7   think makes it inconsistent with what the statute actually

8   prohibits and actually significantly lessens the burden on

9   the Commonwealth.  It is essential --

10                  And we had filed a written objection a couple

11  days -- I guess last week, on this exact point --

12                  THE COURT:  I've seen that.

13                  ATTORNEY MERENSTEIN:  So we would object to

14  that.

15                  We would object to the giving of the

16  Commonwealth's proposed consciousness of guilt instruction,

17  3.15.  As we noted in our written objection, the evidence

18  that they are pointing to in their proposal is nowhere close

19  to the type of evidence that the case law says is possible

20  evidence of consciousness of guilt.

21                  We also object to the fact that, again, having

22  looked at it quickly, there does not seem to be any

23  instruction regarding the statute of limitations.

24  Commonwealth has presented no evidence that any conduct by

25  Dr. Spanier related to these three charges took place in the

1  two years before the charges were brought, and the jury's not

2  going to have any information about that.  And at least,

3  having looked at that quickly, I don't see anything like

4  that.

5                  THE COURT:  The statute of limitations

6  instruction was denied basically because I think it was taken

7  care of by the Court's pretrial orders.  I don't think the

8  statute of limitations is something for this jury to

9  consider.

10                  ATTORNEY MERENSTEIN:  We acknowledge that.

11 Just for the record, we would object to the jury not being

12 able to --

13                  THE COURT:  Understood.

14                  ATTORNEY MERENSTEIN:  Thank you, Your Honor.

15                  Again, having looked at these quickly, those

16 are the ones that caught my attention.

17                  THE COURT:  Let's look at 4304(b).  Here's an

18 extra copy.

19                  ATTORNEY DITKA:  Thank you.

20                  THE COURT:  What I'm going to give the jury is

21 what I'm going to give.  These are the three definitions that

22 I'm going to give the jury.  I only have one copy.  I

23 apologize.  Okay?

24                  ATTORNEY DITKA:  That's the standard?

25                  THE COURT:  That's the standard.

1    ATTORNEY SCHULTE:  Okay.

2    ATTORNEY DITKA:  Okay.

3    THE COURT:  Okay?  And that's the standard as

4 it applies to each of the different counts of endangering the

5 welfare.  So that's what I'm going to give, okay, as my

6 instruction to the jury.  I'm not going to give --

7    ATTORNEY MERENSTEIN:  You're not going to give

8 what's in this package.

9    THE COURT:  Correct.

10   ATTORNEY MERENSTEIN:  Okay.  Maybe when

11 Mr. Silver is done, I'll take a look as well, because the

12 other point I wanted to raise -- and we'll see if it's in

13 there -- is the point that we raised about the verdict form

14 yesterday, that, to our reading, the Commonwealth on Count 1

15 is only proposing the felony and only giving the jury the

16 instruction on the felony, which is the course of conduct.

17 I'm not sure the jury will understand --

18   THE COURT:  They're not going to understand

19 that if they say yes to the course of conduct, that it's,

20 ooh, felony, as opposed to if they say no, it would be -- it

21 would not be a felony.  I don't think they're going to

22 understand that, and I don't want that explained to them.  I

23 don't think they have any -- that's not their purview.

24   ATTORNEY MERENSTEIN:  We don't disagree.

25   THE COURT:  Their purview is just finding the

facts.

ATTORNEY MERENSTEIN:  That's fine, Your Honor.
I think our point, my point, is that the Commonwealth seems
to be accepting that the course of conduct is essentially an
element of Count 1, and if the jury doesn't find it --

ATTORNEY SCHULTE:  No.

ATTORNEY MERENSTEIN:  -- they're going to have
to find him not guilty, as opposed to finding him guilty of a
misdemeanor.

ATTORNEY SCHULTE:  We're not -- I understand
the way we wrote our proposed instruction, but we are
satisfied with the --

THE COURT:  With the one I'm going to give
them --

ATTORNEY DITKA:  Yes.

ATTORNEY SCHULTE:  Yes.

THE COURT:  -- and the one that I'll send out
with them.

ATTORNEY DITKA:  Yes.

ATTORNEY SCHULTE:  Yes.

THE COURT:  Okay.

ATTORNEY MERENSTEIN:  Your Honor, point of
clarification.  Are you going to send out, literally, these?

THE COURT:  Those three pages.

ATTORNEY MERENSTEIN:  Even with the

1  subcommittee notes?

2            THE COURT:  No.  I'll take those out.  No.

3  I've never understood why they put those in there anyway.

4            ATTORNEY MERENSTEIN:  Do you want to take a

5  look at this?

6            ATTORNEY DITKA:  Sure.  I think it's the

7  standard instruction.

8            THE COURT:  It is.

9            ATTORNEY MERENSTEIN:  I guess the only other

10  objection we'd put on the record, which I think is probably

11  preserved by our pretrial motions, which is that the standard

12  instruction has the language of the current statute, and, as

13  we've said throughout this case, we think the 2001 language

14  should apply, which is different.  We've obviously made that

15  argument in our pretrial motions.

16            THE COURT:  And you may be right.  Okay?  But I

17  didn't agree at the time.

18            We want to take out the subcommittee notes.

19            THE LAW CLERK:  Yes.

20            THE COURT:  Okay.  Anything else that anybody

21  might have as an issue before we go out?

22            What we'll do is, we're going to go out.  I'll

23  do -- you're going to do, defendant rests.  Ask for the

24  admission of the -- I think it's three.

25            ATTORNEY SILVER:  I'll get the numbers.