# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAHAM B. SPANIER,<br><br>               Petitioner,<br><br>   v.<br><br>CHAD LIBBY, Director of Dauphin County Probation Services, et al.,<br><br>               Respondents. | CIVIL ACTION NO. 3:19-CV-523<br><br>(MEHALCHICK, M.J.) |

## **ORDER**

AND NOW, this 30th day of April, 2019, upon consideration of the application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Graham B. Spanier, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Spanier's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is GRANTED with respect to the first two grounds raised in the petition, namely that the application of the 2007 child endangerment statute to his 2001 conduct, and the jury instruction based on the 2007 statute, as applied to Spanier, are unconstitutional. His petition is DENIED with respect to the third ground raised, the application of a statute-of-limitations exception not raised by the Commonwealth before or at trial.

2. Spanier's conviction and sentence for one count of Endangerment of the Welfare of a Child in the Court of Common Pleas of Dauphin County, No. CP-22-CR-0003615-2013 are VACATED.

3. The execution of the writ of habeas corpus is STAYED for 90 days from the date of this order, during which time the Commonwealth of Pennsylvania may afford Spanier a new trial.

4. A certificate of appealability shall issue with respect to Spanier's third claim, that his conviction was upheld on the basis of a statute-of-limitations

exception that the Commonwealth did not raise before trial. *See* 28 U.S.C. § 2254 Rule 11(a); 28 U.S.C. § 2253(c).[1]

5. The Clerk of Court is directed to administratively CLOSE this case.

**Dated: April 30, 2019**                                           *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**

---

[1] The Court has not addressed whether a certificate of appealability shall issue with respect to the disposition of the first two grounds of Spanier's petition, as a certificate of appealability is not required when a state or its representative or the United States or its representative appeals. Fed. R. App. P. 22(b)(3).